IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRAZ COLEMAN**                                                                                     **PLAINTIFF**

**VERSUS**                                                     **CIVIL ACTION NO. 3:22-cv-00621-TSL-RPM**

**LAUDERDALE COUNTY, et al.**                                                          **DEFENDANTS**

### ORDER SETTING MOTION HEARING

On February 5, 2024, *pro se* Plaintiff Braz Coleman filed an unopposed Motion [64] for Preliminary Injunction. The Court has determined that a written response from Defendants and a hearing on the Motion [64] is necessary to resolve the issues raised therein.

**IT IS, THEREFORE, ORDERED:**

1. That Defendants shall file a written response to Plaintiff's Motion [64] for Preliminary Injunction by Thursday, June 6, 2024.

2. That the parties will appear before the undersigned Magistrate Judge at THE UNITED STATES COURTHOUSE, 501 EAST COURT STREET, COURTROOM 6B, JACKSON, MISSISSIPPI, on Thursday, June 27, 2024, at 3:30 p.m.

3. That the parties shall be prepared to argue their positions in support of or in response to the Motion [64] for Preliminary Injunction. The parties will be directed to address each of the elements necessary for obtaining injunctive relief. That is, "[a] court should issue injunctive relief only if the movant establishes the following: '(1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.'" *Pino v. Woodall*, No. 1:21-cv-00316-HSO-RHWR, 2022 WL 2181224, at *1 (S.D. Miss. Apr. 27, 2022) (quoting *La Union Del Pueblo*

*Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 219 (5th Cir. 2010)). Plaintiff is reminded that he "bears the burden of persuasion on all four elements." *See Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982).

4.  The Clerk of Court is directed to issue a writ of habeas corpus *ad testificandum* for Plaintiff to be present at this proceeding.

5.  Plaintiff is advised of the duty to prosecute this case. A failure to prosecute, obey orders of the Court, or keep the Court informed of his current address may result in dismissal of this lawsuit, as permitted by Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to manage its docket.

**SO ORDERED,** this 31st day of May, 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE